UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RON LOVE,

    Plaintiff,

v.

JOSEPH LEHMAN,

    Defendant.

Case No. C05-5345RBL

REPORT AND RECOMMENDATION

**NOTED FOR:
NOVEMBER 25th, 2005**

    This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4.

<u>FACTS AND DISCUSSION</u>

    Before the court is defendant's motion to dismiss. (Dkt. # 11). Defendants argue the underlying action is time barred. Plaintiff has not responded.

    This action is one of several that challenge the release date for an inmate with post release supervision as part of the sentence. The plaintiffs allege they were held past their earned release dates without due process. Here, plaintiff alleges he was released some time in 2001 without giving the date of release. (Dkt. # 1). This action was not filed until May 24th, 2005. (Dkt. # 1).

    Even if plaintiff was released on the last day in 2001 this action was still filed more than three years later. (Dkt. # 1). Washington states statute of limitations for civil rights action is three years. <u>Rose v. Rinaldi</u>,

REPORT AND RECOMMENDATION
Page - 1

1  654 F. 2d. 546 (9th Cir. 1981).

2  Local Rule 7 (b) (2) states in part "[i]f a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." Local Rule 7(b) (2). Plaintiffs failure to respond to defendant's motion is fatal to this action. Plaintiff has filed nothing to contradict defendants affirmative defense that this action is time barred. Accordingly, the court now recommends this action be **DISMISSED WITH PREJUDICE.** A proposed order and proposed judgment accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **November 25th, 2005**, as noted in the caption.

DATED this 31st day of October, 2005.

/S/ *J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 2